UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN PALMER,

              Plaintiff,

      v.

PENFIELD CENTRAL SCHOOL DISTRICT,
et al.,

              Defendants.
_____

DECISION & ORDER

10-CV-6267L

        Currently pending before this Court are two discovery motions filed by defendant Penfield Central School District, both are which were allegedly prompted by plaintiff's purported obstinate, harassing and improper conduct during her deposition. (Docket ## 47, 53). The first seeks a protective order directing that all future depositions be conducted in the United States Courthouse before a court reporter employed by the United States Courts, directing service of a subpoena on the court reporters who were present at plaintiff's deposition "to discuss events *in camera* to permit the Court to evaluate the parties' deposition conduct," and for various other forms of relief. (Docket # 47). Defendant's second motion seeks an order requiring plaintiff to submit to a continued deposition and to pay all costs incurred by defendant associated with the continued deposition and the motion. (Docket # 53-1). Plaintiff opposes both motions. (Docket ## 51, 56).

        Defendant claims that plaintiff abruptly and unjustly terminated her deposition well before the expiration of the seven hours permitted by Rule 30(d)(1) of the Federal Rules of Civil Procedure. (Docket ## 50 at ¶¶ 30-35; 53-1). Plaintiff counters that counsel for the

defendant had agreed in advance to limit the duration of the deposition to no more than four to five hours and that it was defendant's counsel who terminated the deposition. (Docket # 51 at ¶¶ 14, 26). According to defendant's counsel, the record plainly belies plaintiff's claim of an agreement to limit the duration of her deposition, and plaintiff's claim to the contrary is further evidence of her bad faith conduct during discovery. (Docket ## 50 at ¶ 7; 53-1 at ¶¶ 4-8).

Nothing in the record before the Court supports plaintiff's contention that the parties reached an *agreement* to limit the duration of her deposition. Indeed, the specific evidence that plaintiff cites refutes plaintiff's contention. First, she cites a letter that counsel for defendant sent her confirming the scheduled deposition. That letter explicitly states that plaintiff's deposition would begin at 10:00 a.m. and that plaintiff should "[p]lan to be there until around 4 or 5 with a break for lunch." (Docket # 51-1, Exhibit ("Ex.") E). Second, plaintiff references another letter, but this one pertains to the scheduling of depositions by plaintiff of defense witnesses and indicates that each "may require 4-5 hours in duration." (Docket # 51-1, Ex. M). It does not address the subject of plaintiff's deposition. Finally, plaintiff cites the following exchange with defendant's counsel at the conclusion of the deposition:

> Q. Okay. So when did you receive this document?
>
> A. I'm just going to check the time because we have -- nearing the exhaustion of this deposition. I want to put that on record, it's quarter to four, 3:45.
>
> Q. That's fine. And I'm entitled to depose you for seven hours. And I have the right to do so. We've taken a lot of breaks --
>
> A. They were very short breaks.
>
> Q. That's fine.
>
> A. I want it on record they were short breaks.

2

> Q. That's fine.
>
> A. And also you asked me to set aside four to five hours. That was our agreement.
>
> Q. That's what I said I would try to do.
>
> A. No. I believe if we go --
>
> Q. And you know what, I have been very patient, but you -- what time do you need to leave?
>
> A. Four o'clock.
>
> Q. No, we cannot leave at four o'clock, so we're going to have the --
>
> A. Okay. I think we should take a break then. 3:45. Is that correct?
>
> Q. I'm getting [the judge] on the line. I think you want to be around when we talk, don't you?
>
> A. I'm going to take a break first, then we'll talk.

(Docket # 52-2 at 153-54). At most, this exchange reveals an intent by counsel to try to finish the deposition within four or five hours. Nothing in the record demonstrates an *agreement* to limit its duration to fewer than the seven hours allowed under the Federal Rules, and this Court declines to transform an expression of intent into an enforceable agreement.

I have carefully reviewed the transcript of the deposition in its entirety. It reveals that the deposition started at 10:20 a.m., recessed for lunch at 12:00 p.m., recommenced at 12:37 p.m. and concluded at 3:45 p.m. Two mid-session breaks were taken, one for an unspecified period of time in the morning and one for twelve minutes in the afternoon. (*See* Docket ## 52-1 at 43, 52-2 at 107). Assuming the breaks were of similar length, the duration of the deposition was approximately 4.5 hours.

3

The record also shows that at approximately 3:45 p.m. plaintiff raised the issue of concluding the deposition on the grounds that counsel had agreed to limit the duration to no more than five hours. The parties conferred telephonically with this Court's Law Clerk, Christin Murphy Cornetta, Esq., and outlined the dispute. Plaintiff again maintained that counsel had agreed to limit the duration, and counsel explained that he had simply indicated that it was his "hope that it would [conclude] in four to five hours." (Docket # 52-2 at 155). Because the undersigned was unavailable to resolve the dispute, Ms. Cornetta advised plaintiff:

> Ms. Palmer, if you conclude the deposition, you know that's up to you. It's going to be over Mr. Colby's objection. And Mr. Colby's going to be free to seek whatever relief from the Court he thinks he's entitled to. . . . [I]t could be reopening your deposition. It could be asking the Court to have you come back on a different day. And it could involve maybe some [cost] shifting depending on which party is ultimately determined to be -- have acted the most reasonably under the circumstances.

(*Id.* at 158-59). When the conference concluded, counsel stated, "I'll try and at least wrap up my line of questioning." Plaintiff refused, remarking, "I'm done. I stated clearly the deposition is over and we're done here. Thank you." (*Id.* at 161).

On this record, I easily conclude that defendant is entitled to continue plaintiff's deposition. Plaintiff terminated the deposition without the consent and to the evident surprise of defendant's counsel. In doing so, plaintiff purportedly relied on an agreement, the existence of which finds no support in the record. Accordingly, I direct plaintiff to submit to a continued deposition of no more than two and one-half hours.

With respect to defendant's motion for a protective order granting various forms of relief, I find that defendant's characterization of plaintiff's behavior during the deposition prior to her early termination of examination is unsupported and exaggerated. Defendant maintains:

4

> Plaintiff's deposition was delayed because she, among other things, repeatedly asked to have questions written [*sic*] back, repeatedly claimed not to understand a question, was obstinate, and took numerous breaks (breaks are not a problem in and of itself, but that time should not be counted against the District's time for examination).

(Docket # 47-1 at ¶ 32). The transcript belies each of defendant's contentions.

The transcript, nearly 250 pages in length, reveals relatively few requests to have questions re-read or for clarification of the questions, certainly no more than typically occur in similar depositions. Moreover, plaintiff's requests themselves were not unreasonable and do not appear to have been made for dilatory or vexatious purposes. Indeed, in almost all instances in which such requests were made, the plaintiff promptly and appropriately answered the question after it was repeated or clarified. Although I have found that plaintiff's decision to terminate the deposition at 3:45 was unjustified, nothing prior to that demonstrates or suggests that she engaged in "obstinate" behavior or bad faith conduct. Plaintiff was examined about her employment and the claims at issue in this litigation; she appears to have answered those questions directly and with relevant information. Once the deposition began, only two breaks were taken – counsel appears to have requested the mid-morning break and plaintiff requested the mid-afternoon break.

In sum, the transcript refutes defendant's contention that plaintiff's behavior in the deposition warrants "safeguards to prevent harassment of witnesses and to ensure orderly conduct of discovery." (Docket # 47). Having thoroughly reviewed the record, I see no reason to subpoena the court reporters to question them about their observations. The transcript contains no references to any non-verbal harassing conduct engaged in by plaintiff. Had she engaged in such behavior, counsel reasonably would have been expected to note it on the record or mention it in the telephone conference with Ms. Cornetta at the conclusion of the deposition.

5

Neither occurred.  Under these circumstances, the Court declines to subject the court reporters to examination by the Court of their observations, if any, of the conduct so sharply disputed by the parties.

Considering the nature and tone of the allegations made in the pending motions, however, this Court nonetheless will exercise its supervisory authority over discovery to require that plaintiff's continued deposition occur in the Courthouse before an independent court reporter to be hired by defendant.  Plaintiff and defendant's counsel are directed to contact chambers by telephone within ten (10) days of this Order to schedule the deposition.  They should be prepared to advise the Court of their availability in April.  The location and scheduling of plaintiff's depositions of defendant's representatives and witnesses shall be determined following the completion of defendant's deposition of plaintiff.

For the above-stated reasons, defendant's motion for a protective order **(Docket # 47)** is **DENIED**.[1]  Defendant's motion to compel plaintiff to continue her deposition **(Docket # 53)** is **GRANTED**, although the request for an order imposing costs is **DENIED**.  Both parties are directed to contact chambers within ten (10) days to schedule the deposition, which shall occur in this Courthouse and be completed within two hours and thirty minutes.  Both parties are reminded of their legal and ethical obligations to cooperate with one another, treat each other with courtesy and respect and conduct discovery, and all other aspects of this litigation, in good faith.  Failure to do so may result in the imposition of sanctions and/or the requirement that either or both parties bear the costs of a discovery referee to be appointed by the Court.

---

[1] In her opposition to defendant's motion, plaintiff requested an order directing defendant to provide contact information for two employees to permit her to subpoena them for deposition.  (Docket # 51 at ¶ 1).  Defendant's counsel has responded that he will make them available for deposition.  On the basis of this representation, this Court perceives no need for further relief.

In addition, this Court hereby extends the factual discovery and dispositive motions deadlines contained in its June 10, 2014 Amended Scheduling Order (Docket # 45) as follows:

1. All factual discovery in this case, including depositions, shall be completed on or before **June 30, 2015**. All motions to compel discovery shall be filed at least thirty (30) days <u>prior</u> to the factual discovery cutoff.

2. Dispositive motions, if any, shall be filed no later than **September 1, 2015**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Larimer. **<u>NOTE</u>: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

3. Responding papers are due by **October 5, 2015**. Reply papers, if any, shall be filed by **October 26, 2015**. The motion will be taken under advisement without oral argument.

4. A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall **<u>immediately</u>** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1) <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in

a letter to the court.  Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated:  Rochester, New York
        March 10, 2015